(No. 12106.—Decree affirmed.)
WILLIAM H. RINUS *et al.* Appellees, *vs.* HATTIE BEVERLY, Appellant.

*Opinion filed June 20, 1918.*

1. TRUSTS—*what is not sufficient to show existence of express trust.* A claim by the daughter of a grantor that the deed was upon an express trust that the grantee would at the grantor's death account to the daughter for one-fourth of the then value of the land is not sustained by the testimony of an employee of the grantee that there was such an understanding and that a paper was drawn up showing the daughter was an heir, as such testimony does not show that any written trust ever existed nor furnish any basis for oral proof of its terms.

2. SAME—*when a conversation with the grantor is not competent.* Testimony as to a conversation between the witness and the grantor, introduced for the purpose of showing that the deed was upon a trust, but which conversation was not in the presence of the grantee, is not competent to establish the alleged trust.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

HEALY & BEVERLY, and ADLER, LEDERER & BECK, for appellant.

T. F. MONAHAN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On April 10, 1907, Peter Rinus, owner of a farm of 280.96 acres in Cook county, executed his deed of the same to his son William H. Rinus, one of the appellees. A payment of $15 in cash was made, and William H. Rinus and his wife, Mollie B. Rinus, the other appellee, executed their six promissory notes payable to Peter Rinus, numbered from 1 to 6, inclusive, the first being for $1000, due in one year, the second for $2000, due in two years, the third for $1000, due in three years, the fourth and fifth for $1500

each, due in four years, and the sixth for $2000, due in ten years, all with interest at five per cent, and secured payment of the same by a trust deed of the farm to Andrew C. Hawkins, trustee. William H. Rinus took possession of the farm under the deed and remained in such possession thereafter. Peter Rinus endorsed the notes numbered 2, 3, 4 and 5 to the appellant, Hattie Beverly, and all the notes and the trust deed were deposited with Fred W. Struckman, who died in March, 1914, and the trust deed and notes remained in the possession of C. V. McClure, who had been a partner of Struckman. The first note was paid on February 4, 1908, and the sixth note was paid on January 25, 1916, to Mary Rinus, (now Mary Johnson,) to whom Peter Rinus had endorsed it. On April 13, 1914, William H. and Mollie B. Rinus conveyed the farm to Cecil I. Johnson, and Johnson by his deed conveyed it to William H. and Mollie B. Rinus in joint tenancy. Peter Rinus died on May 23, 1916.

The notes numbered from 2 to 5, inclusive, remaining unpaid in the possession of McClure, the appellees, William H. and Mollie B. Rinus, on February 28, 1916, filed their bill of complaint in the superior court of Cook county against the appellant, Hattie Beverly, and other defendants, alleging various irregularities and errors in the conveyances of the real estate up to the time it was acquired by Peter Rinus, in 1869, praying that the errors might be corrected and clouds removed, and as to the appellant that upon payment of the amounts due on the notes endorsed to her they should be canceled and delivered up and the trust deed released. The bill alleged that the appellant was the daughter of Peter Rinus and that the notes endorsed to her were intended as a gift; that the interest was to be paid to Peter Rinus and had been paid up to December, 1915, although the endorsements of interest paid to Peter Rinus were only made up to April 10, 1913. The appellant answered, admitting title in Peter Rinus when he executed the deed; that the notes numbered 2, 3, 4 and 5 had been

endorsed to her, but denying that the interest was payable
to her father, Peter Rinus, or that interest had been paid
to him or any other person up to December, 1915.  She
alleged that the deed of Peter Rinus to William H. Rinus
was made in trust for herself, Charles Rinus, a son of Peter
Rinus, and Mary Rinus, a grand-daughter of Peter Rinus,
and that the condition of the trust was that on the death
of Peter Rinus William H. Rinus was to settle with the
appellant and Charles Rinus and Mary Rinus and pay to
each of them, on account of their several and respective in-
terests, a sum equal to one-fourth of the then market value
of the premises.  On May 24, 1916, a supplemental bill
was filed, alleging that the complainants had conveyed the
real estate to William H. Garrelts, and he was added as a
co-complainant.  The issues were referred to the master in
chancery to take the evidence and report the same with his
conclusions.  The master took the evidence and reported
that there was no sufficient evidence that any instrument
declaring a trust was ever executed and no evidence that
William H. Rinus ever signed any such document; that the
appellant did not know of the existence of the notes or of
the endorsement thereof to her until October, 1915, and
never had possession of them, and that there was due and
payable to the appellant upon the notes the principal sum of
$6000, with interest at five per cent from December 1, 1915.
He recommended that upon the payment of the amount so
due the notes should be canceled and surrendered and the
trust deed released.  The chancellor overruled exceptions to
the report except as to the question of interest, and as to
that found that interest was due from April 10, 1913.  A
decree was entered granting the relief prayed for in the bill,
and from that decree this appeal has been prosecuted.

The claim of the appellant is that the deed to William
H. Rinus was upon an express trust for herself and Charles
Rinus and Mary Rinus, by which William H. Rinus was
bound to account to her, at the death of Peter Rinus, for

one-quarter of what the farm would then be worth, and that
the notes endorsed to her, of which she had no knowledge
and which she never saw until they were introduced be-
fore the master, were to be taken into account as a part of
her share.    There was no evidence of the execution of any
writing relied upon to manifest such a trust or that such a
writing had ever been in existence and been lost or de-
stroyed.    A man who worked on the farm for William H.
Rinus testified that Rinus told him that there was such an
understanding and that a paper was drawn up showing that
appellant was an heir.    If this witness had not been con-
tradicted and his testimony should be believed it would be
insufficient to show with the certainty required by the law
that the paper was ever executed and that it had been lost
or destroyed, so as to admit proof of its contents.  . The
testimony does not impress the court with its truth and it
was contradicted by William H. Rinus, who denied that he
ever made such a statement.    Testimony of a conversation
with Peter Rinus in the absence of William H. Rinus was
given but was incompetent, and was not inconsistent with
the conclusion that payment of the notes by William H.
Rinus to the appellant was the matter referred to.    The
claim that a trust was created is wholly inconsistent with
any known fact.    At the same time that the conveyance
was made to William H. Rinus another farm of 163 acres
was conveyed by Peter Rinus to another son, Frank Rinus.
Peter Rinus lived with his grand-daughter, Mary Rinus, on
a small place, and he conveyed that place to her and also
endorsed to her the note numbered 6 for $2000.    It is quite
clear that the matter was adjusted at the time and that no
instrument declaring a trust was ever executed, but the
notes endorsed to the appellant represented what she was
to have at the death of her father, and they were deliv-
ered to Struckman to hold, with a right of Peter Rinus to
collect the interest until his death.    The court did not err
in overruling the exceptions.

284 — 14

Counsel for appellees says that the chancellor erred·in sustaining the exception to the finding of the master that interest had been paid to December 1, 1915, but no cross-error appears either upon the abstract filed by appellant or the additional abstract filed by the appellees. They are not entitled to raise that question, but there was no endorsement of the payment of interest after the date fixed by the chancellor, and the evidence was that no interest was, in fact, paid after that date.

.The decree is affirmed.

*Decree affirmed.*